IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:23-CV-882-FL

| WILLIAM D. WOOLENS, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CHARLENE DENISE RUCKLE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for review of plaintiff's pro se complaint (DE 1) pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended plaintiff's complaint be dismissed. (DE 8). Plaintiff did not file objections to the M&R, and the time within which to make any objection has expired. In this posture, the issues raised are ripe for ruling.

Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Because no objections have been filed, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Here, the magistrate judge recommends dismissal of plaintiff's claims as barred by claim preclusion, or res judicata. "Under the doctrine of claim preclusion, a final judgment forecloses

1

'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)). If claim preclusion applies, "then the judgment in the prior action bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." Orca Yachts, L.L.C. v. Mollicam, Inc., 287 F.3d 316, 318 (4th Cir. 2002) (quotation omitted).

Upon careful review of the M&R, the court finds the magistrate judge's analysis to be thorough, and there is no clear error. As cogently explained therein, plaintiff in February 2023 filed another case against defendant asserting, as here, defendant initiated an illegal child support case against him; committed paternity, social security, and child support fraud; and engaged in racketeering, all based upon the same set of facts alleged in this case. See Woolens v. Ruckle, No. 7:23-CV-125-D, 2023 WL 2959149, at *1 (E.D.N.C. Apr. 14, 2023). The court in the prior action determined that it lacked subject-matter jurisdiction and, alternatively, plaintiff failed to state a claim, and entered a final judgment in favor of defendant. Id. Plaintiff may not now relitigate those same claims.

The court hereby ADOPTS the recommendation of the magistrate judge as its own, and plaintiff's action is DISMISSED as barred by res judicata. The clerk of court is DIRECTED to close the case.

SO ORDERED, this the 27th day of June, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge

2

Case 7:23-cv-00882-FL   Document 9   Filed 06/28/23   Page 2 of 2